**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KURT S. MOYLAN,
Claimant-Appellant,

and

$3,000IN UNITED STATES CURRENCY;
$27,550.58FROM FIRST VIRGINIA BANK
ACCOUNT #11654813,IN THE NAME OF
IHEDINACHI I. UZODINMA; $262,300.62
FROM NATIONSBANK OF VIRGINIA
ACCOUNT #94229017,IN THE NAME OF
IHEDI IBE UZODINMA; $346,911.32FROM

SIGNET BANK ACCOUNT #6281 8451
95,IN THE NAME OF IHEDI UZODINMA;
$639,365.02FROM THE THIRD FEDERAL
SAVINGS & LOAN ACCOUNT
#114048093,IN THE NAME OF IHEDI I.
UZODINMA; $5,000FROM THE KEMPER
HIGH YIELD FUND ACCOUNT
#8009205299-4,IN THE NAME OF IHEDI
UZODINMA; $7,001.05FROM BANK ONE
ACCOUNT #1883980847,IN THE NAME
OF EKWI UZODINMA,
Defendants,

IHEDINACHI I. UZODINMA; C. VICTOR
MBAKPUO,
Claimants.

No. 96-1181

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CA-95-607-A)

Argued: October 28, 1996

Decided: December 4, 1996

Before WILKINS and LUTTIG, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

**ARGUED:** Charles Samuel Leeper, SPRIGGS & HOLLINGS-
WORTH, Washington, D.C., for Appellant. Gordon Dean Kromberg,
Assistant United States Attorney, Alexandria, Virginia, for Appellee.
**ON BRIEF:** Karl N. Metzner, SPRIGGS & HOLLINGSWORTH,
Washington, D.C., for Appellant. Helen F. Fahey, United States
Attorney, Alexandria, Virginia; Laury Gordon, Trial Attorney, Mon-
ey Laundering Section, Criminal Division, UNITED STATES DE-
PARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Appellant Kurt Moylan was the "victim" of an elaborate scam by
two individuals, Okafor and Uzodinma. The details of the scheme in

which Okafor and Uzodinma defrauded Moylan of $1.3 million dollars are set forth in full in the district court opinion. See United States v. $3,000 in cash, 906 F. Supp. 1061 (E.D. Va. 1995). Essentially, Okafor convinced Moylan that the new Nigerian government needed a false construction invoice in order to obtain twenty million dollars that had been earmarked in a construction project by the prior Nigerian government for payment to a foreign firm. Okafor promised that Moylan could retain for himself forty percent of this $20 million in return for providing a false invoice from Moylan's construction corporation, Home Financial Corporation. Moylan provided Okafor a falsified invoice, as well as Home Financial Corporation's corporate seal, for purposes of completing the transaction. Moylan was later requested to front $1.3 million in "administrative fees." At Okafor's request, Moylan transferred the $1.3 million to Uzodinma, an "official Nigerian money exchanger."

When Moylan eventually became suspicious that the entire transaction was a sham and that Okafor and Uzodinma were attempting to swindle him, he contacted the FBI. In the course of the ensuing investigation, the government seized and sought forfeiture of the $1.3 million -- which was seized from Uzodinma's various bank accounts -- on a variety of grounds including the theory that Uzodinma, Okafor, and Moylan had collectively engaged in various acts of wire fraud and money laundering in the course of attempting to consummate their proposed transaction. At the forfeiture hearing, the district court dismissed Moylan's claim to the money for lack of standing.

Moylan argues that the district court erred on several grounds in dismissing his claim for lack of standing. First, Moylan claims that despite having wired the $1.3 million to Uzodinma, he still retained legal title to the funds because Uzodinma falsely represented himself to be a Nigerian money exchanger. Second, Moylan argues that the district court erred in declining to hold (because Moylan had unclean hands) that Moylan was the beneficiary of a constructive trust. Moylan asserts that his hands were "clean" because he did not have a subjective intent to defraud anyone and believed that Okafor's entire proposed transaction was legal. Lastly, Moylan argues that this circuit's decision in United States v. Reckmeyer, 836 F.2d 200, 205-06 (4th Cir. 1987), affords him standing to contest the forfeiture as a gen-

3

eral creditor, since he can trace to Uzodinma's estate the $1.3 million in which he believes he has an interest.

Having carefully reviewed the record, briefs, and contentions of the parties at oral argument, we can find no error in the district court opinion. We therefore affirm the decision of the district court on the opinion of that court.

<u>AFFIRMED</u>

4